United States District Court
Southern District of Texas
**ENTERED**
April 13, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| MARCOS ORTIZ, (TDCJ #1049113) Plaintiff, vs. JOHN D. KINARD, *et al.*, Defendants. | § § § § § § § § § § CIVIL ACTION NO. 3:21-cv-0040 |

### ORDER OF DISMISSAL

Marcos Ortiz, a Texas state inmate, has filed a civil-rights complaint under 42 U.S.C. § 1983, alleging that defendant John D. Kinard, Galveston County District Clerk, has conspired with a local judge and attorneys to deprive Ortiz of his due process rights for years. Ortiz also presumably seeks leave to proceed *in forma pauperis*. After reviewing the pleadings and Ortiz's litigation history, the court denies him leave to proceed without prepaying the filing fee and dismisses this case. The reasons are explained below.

Ortiz's complaint is governed by the Prison Litigation Reform Act (PLRA), which was enacted, in part, to prevent prisoners from abusing the privilege of proceeding *in forma pauperis*. *Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). Under the "three-strikes" rule established by the PLRA, a prisoner is not allowed to bring a civil action without prepayment of the filing fee in federal court if, while incarcerated, three or more of his civil actions or appeals were

dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Adepegba*, 103 F.3d at 385. To fit within the exception, a prisoner must demonstrate that imminent danger of serious physical injury exists at the time he seeks to file his complaint. *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998). The threat of harm must be "real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330–31 (7th Cir. 2003) (citation omitted).

Ortiz has filed numerous previous lawsuits, has been sanctioned repeatedly, and is subject to an order precluding him from filing additional suits absent a determination by a district or magistrate judge that his proposed action should be filed. *See Ortiz v. Brown*, 105 F. App'x 607 (5th Cir. Aug. 18, 2004) (imposing three-strikes bar). Ortiz's complaint does not demonstrate that he is in imminent danger of serious physical injury. He may not proceed without prepaying the filing fee.

Based on the foregoing, the court **ORDERS** as follows:

1. Ortiz's implied motion to proceed *in forma pauperis* is **DENIED**.

2. This case is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g).

3. Ortiz may move to reopen this case only if he pays the filing fee of $402.00 within thirty days of the date of this Order.

4. Any remaining pending motions are **DENIED** as moot.

**The Clerk will provide a copy of this order to the Manager of the Three-Strikes List for the Southern District of Texas at**

**Three_Strikes@txs.uscourts.gov.**

SIGNED on Galveston Island on <u>April 13th</u>, 2021.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE